STEPHEN J. KRAEGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kraeger v. Commissioner
Docket No. 19858-82.
United States Tax Court
T.C. Memo 1984-571; 1984 Tax Ct. Memo LEXIS 102; 48 T.C.M. (CCH) 1481; T.C.M. (RIA) 84571; October 25, 1984. Stephen J. Kraeger, pro se. Andrea R. Polvino, for the respondent. GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined the following income tax deficiencies and additions to tax: INCOME TAX
ADDITIONS TO TAX
YEAR
DEFICIENCY
Sec.6653(b)
Sec.6654
1975
$285
$142.50
$24.43
1976
377
188.50
13.75
1977
385
192.50
11.25
1978
529
264.50
16.52
1979
679
339.50
7.55
*104 The issues are (1) whether respondent correctly determined petitioner's taxable wage income in the taxable years 1975 through 1978; (2) whether petitioner is entitled to a charitable contribution deduction of $6,500 in the year 1979; (3) whether any part of the underpayment of tax for each of the years 1975 through 1979 is due to fraud within the meaning of section 6653(b); and (4) whether petitioner is liable for additions to tax under section 6654 (failure to pay estimated tax) for each of the years 1975 through 1979. Prior to July 1975 petitioner was employed by the Georgia Pacific Corporation. In July 1975 petitioner went on active duty with the United States Air Force and remained on active duty throughout the period here involved. In each of the taxable years 1975 through 1978 petitioner filed "Porth-type" income tax returns (see United States v. Porth,426 F.2d 519 (10th Cir. 1970)) which were completely devoid of any information regarding his income. The lines on the "returns" were for the most part simply filled in with notations of "object: self-incrimination," references to "Federal Reserve Notes" or sundry constitutional objections. In 1979 petitioner *105 reported wages of $7,394.79 but claimed a charitable contribution deduction of $6,500 and attached to the return explanatory materials proclaiming (1) that he was an ordained minister of Liberty Ministries International and has taken a vow of poverty, (2) that Liberty Ministries International directed him to perform duties as an agent of the church and (3) that as a consequence he had no taxable income for the year 1979. Respondent determined that petitioner failed to report wage income in the years 1975, 1976, 1977 and 1978 in the respective amounts of $4,360.43, $4,965.64, $5,630.60 and $6,484.23 and, for the taxable years 1979, respondent disallowed the charitable contribution deduction of $6,500 and made other adjustments. Petitioner has the burden of showing error in respondent's determination. Welch v. Helvering,290 U.S.111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has failed to do so with respect to any of the years involved. With respect to the years 1975 through 1978, petitioner expounds various meritless arguments which have been repeatedly rejected by the Courts. It is settled law that wages and compensation for services *106 (with no reduction for the purported value of such labor) are taxable income. Eisner v. Macomber,252 U.S. 189 (1920); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111 (1983); section 61(a)(1). Federal Reserve Notes are money, generally taken into account at face value. Birkenstock v. Commissioner,646 F.2d 1185 (7th Cir. 1981), affg. a Memorandum Opinion of this Court. The mere requirement to file an appropriate income tax return does not under the circumstances here presented violate petitioner's Fifth Amendment rights. See United States v. Sullivan,274 U.S. 259 (1926); see also Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983) and Roberts v. Commissioner,62 T.C. 834 (1974). With respect to the taxable year 1979, we cannot agree that petitioner's affiliation with Liberty Ministries International and his vow of poverty somehow justifies a charitable contribution deduction under section *107 170 in the amount of $6,500. There is no persuasive evidence whatever in the record to substantiate that any amount was paid to a qualified donee organization within the meaning of the statute. See section 170(c). We give no credence to his vague and unsubstantiated testimony that upon taking the vow of poverty he divested himself of the bulk of his personal property. If petitioner's argument is that his vow of poverty and his purported role as an "agent" of the "church" permits him to exclude nearly all of his wages in 1979 from taxable income, then we reject such argument. On this record, petitioner has established no basis for shifting the incidence of taxation away from himself. As we have previously stated: "A member of a religious order under a vow of poverty is not immune from Federal income tax by reason of his clerical status or his vow of poverty, but is subject to tax to the same extent as any other person on income earned or received in his individual capacity." McGahen v. Commissioner,76 T.C. 468, 478 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983); see also section 1.61-2(c), Income Tax Regs.[2] We *108 conclude therefore that on the basis of this record the determinations made by respondent for each of the taxable years 1975 through 1979 must be sustained.
The additions to tax under section 6654 are mandatory in the case of any underpayment of estimated tax by an individual. Here, the record shows that petitioner failed to make the requisite payments of estimated tax for each of the years 1975 through 1979. We therefore sustain the respondent. The next issue is whether petitioner is liable for the addition to tax under section 6653(b) in each of the years 1975 through 1979. The existence of fraud under section 6653(b) is a question of fact to be determined upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Respondent has the burden of proof on this issue and that burden must be carried by clear and convincing evidence. "The primary question in determining whether fraud is present is whether there has *109 been an intentional wrongdoing with the specific purpose of evading a tax believed by the taxpayer to be properly owing." Gajewski v. Commissioner,supra, at 199. The burden of showing fraud may be met with circumstantial evidence. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978). Here, the record clearly demonstrates a wilful and deliberate pattern of conduct to evade payment of taxes throughout the period involved. Petitioner's filed "returns" for the years 1975 through 1978 whichd disclosed no information relating to his income and deductions. A form 1040 of this nature does not constitute a return within the meaning of section 6012. Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Petitioner's failure to file returns and pay tax was based on nothing more than the now-familiar "tax-protester" grounds which, we are satisfied, petitioner knew were frivolous. On April 8, 1981 petitioner pled guilty to one count under section 7205 for filing a false W-4 Form (exemption certificate) in 1978. See Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). For the year 1979 when petitioner under the *110 terms of an existing probation order was required to file a proper return and report his income, he turned to yet another stratagem of a "tax-protester" variety, i.e., the mail-order ministry and the "vow of poverty" which had the effect (through the claim of a $6,500 charitable contribution deduction) of completely eliminating his tax liability for 1979. We are convinced that petitioner undertook these deliberate and purposeful efforts to evade taxes in the years 1975 through 1979 which he knew to be due and owing. We conclude on the basis of this record that respondent has carried his burden of proving by clear and convincing evidence that a part of the underpayment of tax required to be shown on petitioner's tax returns for each of the years 1975 through 1979 was due to fraud. Respondent is sustained on this issue. Respondent has also moved for damages under section 6673.As applicable here, section 6673 provides that "[w]henever it appears that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision." [3] We are convinced on this record *111 that the frivolous and groundless contentions expounded by petitioner were nothing more than a deliberate effort to delay payment of his taxes. We find that petitioner instituted this proceeding merely for delay and we award maximum damages to the United States in the amount of $500. See Abrams v. Commissioner,82 T.C. 403 (1984). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. We also note that the record strongly indicates that petitioner did not even take his "vow of poverty" until some time early in 1980.↩
3. With respect to cases filed after December 31, 1982, or pending in this Court 120 days after July 18, 1984, section 6673 provides that damages in an amount not in excess of $5,000 shall be awarded to the United States in appropriate cases.↩